[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10622

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

OLARIO MITCHELL PALACIO,
a.k.a.
Phillip,

Defendant-Appellant.

―――――――――――――

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00007-SCB-TGW-1

―――――――――――――

Before ROSENBAUM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Olario Mitchell Palacio appeals the substantive reasonableness of his 210-month sentence for conspiring to import cocaine into the United States from Colombia. He contends that the district court abused its discretion in considering the Sentencing Guidelines and the sentencing factors in 18 U.S.C. § 3553(a) by denying a downward variance based on his substantial assistance to the government. We find that his guidelines-range sentence was reasonable, and his uncorroborated claims of cooperation did not compel a lower sentence. Accordingly, we affirm.

I.

In 2017, Palacio was indicted and eventually pleaded guilty to conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a)-(b) and 21 U.S.C. § 960(b)(1)(B)(ii); and conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, knowing and intending that such

substance would be unlawfully imported into the United States, in violation of 18 U.S.C. § 3238 and 21 U.S.C. §§ 959, 960(b)(1)(B)(ii), 963. The minimum term of imprisonment for each count was fifteen years, and the maximum was life.

At sentencing, Palacio moved for a downward variance based on his substantial assistance to the government. Palacio argued that the district court, under either 18 U.S.C. § 3553 or U.S.S.G. § 5K2.0, could apply any weight to Palacio's cooperation in determining a reasonable sentence, despite the government's refusal to file a Section 5K1.1 motion. The government recommended against a downward variance because it had received information that Palacio was offering payments upwards of $25,000 for information. The district court denied Palacio's request for a downward variance because his alleged substantial assistance was uncorroborated.

Based on Palacio's involvement with 1,880 kilograms of cocaine and his acceptance of responsibility, the court determined his total offense level to be 39. Palacio objected to the application of a four-level enhancement for his role as an organizer or leader of the criminal activity under Section 3B1.1(a). The court sustained this objection, bringing Palacio's total offense level to 35. Combined with a criminal history category of III, the district court concluded that the range of imprisonment was 210 to 262 months.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The defendant has the burden of proving that the "sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

A district court abuses its discretion and imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation marks omitted). We ordinarily expect a sentence within the Guidelines range to be reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Although a district court must consider the Section 3553(a) factors, it need not state on the record that it has explicitly considered each of the factors or discuss each of them. *United States v. Barrington*, 648 F.3d 1178, 1204 (11th Cir. 2011). "It is sufficient for the district court to explicitly acknowledge that it considered the

parties' arguments at sentencing which were based on the sentencing factors, and that it considered the factors in § 3553(a)." *Id.*

## III.

Palacio argues that his sentence is substantively unreasonable because the district court failed to apply the Section 3553(a) factors. But the district court explicitly acknowledged that it had considered Section 3553 at sentencing. And Palacio was sentenced to the lowest possible term under the guidelines range. Thus, the district court was within its discretion in sentencing Palacio to 210 months. *See Gonzalez*, 550 F.3d at 1324.

Palacio also argues that the district court abused its discretion by declining to vary downward based on Palacio's alleged substantial assistance. But his claims of cooperation were mostly unsubstantiated, and even if they had been substantiated, the government explained that it did not file a Section 5K1.1 motion because it believed Palacio was paying for information. His allegations of cooperation did not compel a downward variance and it was within the district court's discretion to impose a guidelines-range sentence. Accordingly, the district court is **AFFIRMED.**